**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick Howard JACKSON,**
**Defendant–Appellant.**

**No. 99–2370.**

United States Court of Appeals,
Sixth Circuit.

July 16, 2001.

Before NORRIS and COLE, Circuit Judges; and STEEH,* District Judge.

STEEH, District Judge.

In this appeal, Defendant Patrick Howard Jackson appeals the sentence imposed by the district court following his guilty plea to one count of bank robbery. Jackson's range of imprisonment under the Sentencing Guidelines was 41 to 51 months; the district court, however, departed upward and sentenced Jackson to 120 months imprisonment. Because the district court had adequate grounds for the upward departure, we AFFIRM.

. I.

The probation officer prepared a presentence investigation report ("PSR") and determined that Jackson's total offense level was 20 and his criminal history category was III. Jackson's criminal history included convictions for two attempted armed robberies that had been consolidated for sentencing purposes, and thus treated as "related offenses" under the Guidelines. The PSR suggested that if the robberies had been treated as separate offenses, Jackson's offense level would have instead been 29 and his criminal history category would have been VI. The corresponding Guideline range under those slightly different circumstances would have been 151 to 188 months. The PSR stated that these circumstances could serve as a basis for upward departure. The district court departed upward from the range of imprisonment calculated in the PSR for two stated reasons: Jackson's criminal history category under-represented the seriousness of his criminal record, and in light of Jackson's repeated statements that he committed crimes so he could return to prison, his case fell outside the heartland of cases

contemplated by the drafters of the Guidelines.

Defendant asserts that the Guidelines specifically address how to calculate criminal history when there are "related offenses", and the district court abused its discretion in considering him a career offender. Defendant also assigns error to the district court for increasing his offense level on the grounds that his case fell outside the "heartland" of bank robbery cases. Defendant insists that the district court erred in failing to articulate its reasons for departing from Jackson's calculated offense level in a manner sufficient to facilitate meaningful appellate review.

II.

Departure Based on Criminal History

■ The district court departed upward from criminal history category III in the PSR to a category VI based upon the discretion accorded it under U.S.S.G. § 4A1.3. This section authorizes a sentencing court to depart from the calculated Guidelines range if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Reliable information upon which a court may depend in determining whether to depart under § 4A1.3 includes "prior sentence(s) not used in computing the criminal history category," and "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a), (e).

A defendant's criminal history category is calculated pursuant to § 4A1.1, which assigns criminal history points based on prior sentences served by defendants.

* The Honorable George Caram Steeh, United States District Court for the Eastern District of Michigan, sitting by designation.

Subsection (f) of § 4A1.1 provides for one point to be added for each prior sentence resulting from a conviction of a crime of violence that did not receive any points because it was considered to be a related sentence. The PSR stated defendant's criminal history points to be five, but did not separately account for the related attempted armed robbery conviction. Attempted armed robbery is a "crime of violence" within the meaning of § 4A1.1(f). Therefore, the district court should have added one point to defendant's criminal history score pursuant to § 4A1.1(f). This would bring defendant's total criminal history score to six, and his criminal history category would remain at III.

Defendant pleaded guilty to one count of bank robbery, and although he also admitted to committing five other bank robberies in the six month period since he had been released from prison, the district court stated it would not treat defendant as having been convicted of such additional offenses under § 1B1.2. In addition, defendant had spent nearly all of the ten years preceding his arrest in prison on the prior bank robberies and various parol violations. Although only one point is added to defendant's criminal history score for guideline purposes pursuant to § 4A1.1(f), the district court still had ample grounds for departing upward based on its discretion authorized under § 4A1.3. The five other bank robberies constitute "prior similar adult criminal behavior not resulting in a criminal conviction," and were properly considered by the district court as such in departing upward from criminal history Category III. In this case, Category III does not adequately reflect the seriousness of defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. Defendant's criminal history more closely resembles that of a career offender pursuant to § 4B1.1, which in every case shall be Category VI.

The Guidelines' policy statement regarding the adequacy of criminal history category, § 4A1.3, provides that a departure beyond Category VI may be warranted where the guideline range is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, the district court would move incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case. In determining whether a further upward departure from Category VI is warranted, the court should consider the nature of the prior offenses rather than simply their number.

In this case, the benchmark used by the district court was career offender status. This was first suggested in the PSR where it was recognized that under slightly different circumstances defendant would have been characterized as a career offender. That is, if defendant's prior armed robberies, which were distinct crimes but were combined for sentencing purposes, had received separate sentences, defendant would have been considered a career offender. Second, the district court judge announced his intention to sentence defendant as a career offender at the sentencing hearing. The judge later backed off of a sentence in the 151 to 188 month range, after hearing argument from counsel and defendant. However, the career offender benchmark was the district court's starting point for sentencing defendant.

The district court judge properly used the prior armed robbery offense to depart upward beyond Category VI, and to sentence defendant as a career offender. Such calculation was warranted, even without reference to the five additional armed bank robbers admitted to under oath by defendant. These five armed robberies were discussed by the district judge as

further reason for finding that the guideline sentencing range significantly under-represented the seriousness of defendant's offense. The district judge also relied heavily on defendant's perverse motivation to commit crimes in order to return to prison, stating that this factor took defendant's case out of the heartland of bank robber cases under the sentencing guidelines. The heartland argument adds additional support for defendant's sentence, and is discussed further in the next section.

The district court had more than enough support for an upward departure beyond criminal history Category VI based on the benchmark that defendant was a career offender. Such departure was not an abuse of discretion, and was in fact amply supported by the circumstances in this case.

### III.

### Heartland Argument

■ The district court further justified its vertical upward departure of defendant's offense level on the grounds that defendant's case fell outside the "heartland" of bank robbery cases, referring specifically to defendant's repeated statements to authorities that he robbed banks because it was his desire to return to prison. We agree with the district court when it stated:

> In all the time I've been on the bench, I've not had a defendant who wanted to go to prison.... I can find nothing in the policy statements or in the history of the guideline[s] ... that indicate that the drafters ever thought about a human being who desired to be incarcerated. Not much less one that went to the trouble of trying to leave evidence that would help people send him back.

■ A sentencing court considering a sentence departure should address the following factors set out by the Supreme Court: (1) the features of the case that take it outside the Guideline's heartland; (2) whether the Commission has forbidden departures based on those features; and (3) whether the Commission has discouraged departures based on those features. *Koon v. United States*, 518 U.S. 81, 95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court had support for its departure on the basis of defendant's mental or emotional condition in our decision in *United States v. Little*, 61 F.3d 450 (6th Cir.1995). The PSR in *Little* quoted a counselor who concluded that the defendant was most comfortable in prison and had no tools with which to live on the outside. 61 F.3d at 453. The sentencing court concluded that the facts of that case warranted a six-level upward departure in the defendant's offense level, and imposed a life sentence of imprisonment. This court held that the circumstances in *Little* were sufficiently unusual to warrant the upward departure. *Id.*

Nothing in the Guidelines suggests that the Sentencing Commission considered the possibility of such a psychological predisposition in drafting the provisions applicable to Jackson's case. The district court was well within its discretion, pursuant to *Little*, to depart upward from the calculated offense level based on defendant's repeated statements that he desired to return to prison. Defendant's actions in committing numerous armed robberies in close temporal proximity lend further support to the conclusion that he is likely to continue committing crimes until he is returned to prison.

For the foregoing reasons, the district court's decision to depart upward in sentencing defendant is AFFIRMED.